UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EROLD FRANCOIS,<br><br>**Plaintiff,**<br><br>v.<br><br>160 FRONTAGE ROAD, LLC and/or AIRPO<br>LLC d/b/a RAMADA PLAZA BY WYNDHAM<br>INTERNATIONAL AIRPORT<br><br>**Defendant.** | No. 19-cv-06787 (KM/JBC)<br><br>**MEMORANDUM OPINION**<br><br>and<br><br>**ORDER** |

## KEVIN MCNULTY, U.S.D.J.:

This matter arises from the plaintiff's former employment by the defendant. It comes before the Court on the motion (DE 14) of the defendant (herein, "Ramada") to dismiss Counts II and IV of the Second Amended Complaint ("2AC", DE 10) For the reasons stated herein, this unopposed motion is GRANTED.

### I. Procedural History

The original complaint was filed on February 25, 2019 (DE 1), and amended on March 5, 2019 (DE 3). The amended complaint contained seven claims.

Defendant filed a motion to dismiss the amended complaint. (DE 9) The motion argued that many of the claims were subject to a prior release, and attached a copy of that written release and settlement of claims. (DE 9-5)

The plaintiff, Erold Francois, did not respond to that motion to dismiss. Instead, on June 28, 2019, he immediately filed a Second Amended Complaint, which dropped certain of the claims that defendant said had been released. The Second Amended Complaint contains the following four claims:

Count I – Age Discrimination in Employment Act ("ADEA")

1

Count II - Age Discrimination New Jersey Law Against Discrimination ("NJLAD")
Count III – Retaliation (ADEA)
Count IV – Retaliation (NJLAD)

On July 26, 2019, the defendant filed the Motion to Dismiss (Partial) Plaintiff's Second Amended Complaint, seeking dismissal of Counts II and IV. (DE 14) According to the defendant, those two claims, like the ones previously dropped by the plaintiff, are subject to the prior release. No response to this motion to dismiss was filed.

On October 17, 2019, I entered an order to show cause that unless the Plaintiff filed an opposition within 21 days, the motion to dismiss may be treated as unopposed and granted. (DE 15) No response has been received.

## II. Applicable Standards

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Defendant's motion to dismiss is simple. It says that Counts II (age discrimination under NJLAD) and IV (retaliation under NJLAD) are the subject of a full release, supported by monetary consideration.

The circumstances, unrebutted by the plaintiff, are as follows. Mr. Francois was employed by the Ramada at Newark Airport from 2014 until July 25, 2018. He was dismissed, and his union filed a grievance. Ramada settled with the union. Pursuant to a written settlement agreement (DE 14-5), Francois agreed to "release[] and discharge[] the Employer [*i.e.*, Ramada], its officers, directors, employees and agents from any and all claims, causes of action and controversies whatsoever, in law or equity, which he ever had, may have or which hereafter may arise out of [Francois's] employment with the company." (DE 14-5 at 3) In exchange, Mr. Francois received a monetary payment, a neutral reference, and Ramada's agreement not to contest any claim for unemployment benefits.[1]

The release language is very broad indeed. Defendant cites ample authority for the proposition that a release of any and all causes of action need not specifically list NJLAD to release claims under that statute that fall within its scope. *Weinberg v. Interep*, No. 05-5458, 2006 U.S. Dist. LEXIS 23746, 2006 WL 1096908, at *4 (D.N.J. Apr. 26, 2006) (the plaintiff could not bring his LAD claim where he had agreed to release "all claims arising under state anti-discrimination statutes and any claims for wrongful termination or unlawful discrimination"); *Mosley v. Bay Ship Mgmt.*, 174 F. Supp. 2d 192, 197 (D.N.J. 2000) (the plaintiffs agreement to "drop his beef" against the defendant constituted a knowing and voluntary waiver of his right to bring an LAD claim); *Swarts v. Sherwin-Williams*, 244 N.J. Super. 170, 178 (App. Div. 1990) (the plaintiff, who had previously entered into a release with his former employer,

---

[1] The complaint relates the circumstances of the plaintiff's dismissal on disciplinary grounds. The release is so closely tied to the circumstances of the plaintiff's dismissal that it must be regarded as integral to the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The plaintiff is unmistakably on notice of it and is aware that defendants are relying on it. Defendants raised the settlement agreement in their motion to dismiss the First Amended Complaint. In response, plaintiff filed the Second Amended Complaint in which he dropped two of his claims. In the alternative, the court could convert this to a motion for summary judgment under Fed. R. Civ. P. 12(d), but in light of the plaintiff's seeming abdication, it would be pointless.

3

had waived his NJLAD claim even though the release did not specifically list or refer to the NJLAD).[2]

The effectiveness of a NJLAD waiver is judged under the totality of the circumstances. Relevant factors may include (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the release; and (7) whether the consideration given in exchange for the waiver and accepted by the plaintiff exceeded the benefits to which the employee was already entitled. *Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1538 (3d Cir. 1997).

The court's analysis is hampered by the lack of a response, but a plaintiff cannot escape by simply refusing to respond. At any rate, the circumstances do not raise any particular concern. "All claims" is clear enough. The plaintiff's education level does not appear. The dates on the agreement indicate that there was time for consideration. The plaintiff was represented by his union representative. The agreement, which is in writing, bears all the earmarks of an arm's length negotiation. And the consideration—cash, plus concessions—did not consist of items to which the plaintiff was already entitled.

---

[2] The standards for waiving an ADEA claim are different from those governing an NJLAD claim. Defendants point out that the Older Workers Benefit Protection Act (OWBPA) sets up a more stringent standard for waiver of ADEA claims, but that the OWBPA standards do not apply to an NJLAD waiver, which will be assessed based on the totality of the circumstances. *See Wastak v. Lehigh Valley Health Network*, 49 F.3d 281, 295 (3d Cir. 2003) (the statutory provisions of the OWBPA apply only to ADEA claims, and thus, the effect of the Release with regard to the state claims is "determined by the ordinary meaning of the language contained therein").

## ORDER

IT IS THEREFORE, this 24th day of February, 2020,

ORDERED that the defendants' unopposed motion (DE 14) to dismiss Counts II and IV of the Complaint is GRANTED.

HON. KEVIN MCNULTY, U.S.D.J.